# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

LaShaun Reed,

      Plaintiff,

                                           Civil Action 2:19-cv-898
v.                                    Judge James L. Graham
                                           Magistrate Judge Jolson

O.D.R.C., et al.

      Defendants.

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff LaShaun Reed, a *pro se* prisoner, brings this action against the Ohio Department of Rehabilitation and Corrections, Gary C. Mohr, Warden Noble, C.O. Rapp, and C.O. Smith. (*See* Doc. 1). This matter is before the undersigned for consideration of Plaintiff's Motion for Leave to Proceed *in forma pauperis* (*see* Doc. 3) and the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2).

Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). However, having performed an initial screen and for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS in part** Plaintiff's Complaint.

## I. MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Upon consideration of Plaintiff's Motion for Leave to Proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2) (Doc. 3), Plaintiff's Motion is **GRANTED**. Plaintiff is required to pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff's certified trust fund statement reveals that he has an insufficient amount to pay the full filing fee. (*Id.*).

1

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust account at the Toledo Correctional Institution is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six-months immediately preceding the filing of the Complaint. After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00 until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Checks should be made payable to Clerk, United States District Court and should be sent to:

> Prisoner Accounts Receivable
> 260 U.S. Courthouse
> 85 Marconi Boulevard
> Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

Consequently, it is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

Plaintiff has failed to submit properly completed summons and U.S. Marshal Form 285 for the named Defendants. The Clerk has sent Plaintiff the necessary blank summons and Marshal forms. (*See* Doc. 2). Plaintiff is **ORDERED** to submit these forms no later than May 3, 2019. Upon receipt, the United States Marshals Service is **DIRECTED** to effect service of process by certified mail.

The Clerk of Court is **DIRECTED** to mail a courtesy copy of the complaint and a copy of this Order to the Attorney General of Ohio, Criminal Justice Section, 30 East Broad Street, 26th Floor, Columbus, Ohio 43215. Each Defendant is **ORDERED** to answer or otherwise respond to the complaint within 45 days after being served with a copy of the complaint and summons.

## II.   INITIAL SCREEN

### A.  Background

Plaintiff is a state prisoner incarcerated at Toledo Correctional Institution. In October 2017, it appears that Plaintiff was an inmate at London Correctional Institution. He alleges that, on October 11, 2017, he "was violently assaulted by C.O. Smith & C.O. Rapp on D.V.R. in the D.W.O. My witness [sic] are the three digital video camera recoder [sic] at the location of my assaults thee [sic] highway patrol have." (Doc. 1 at 5). Plaintiff states that he "wants the Court to file a [lawsuit] against the O.D.R.C. and the officers that was invol[v]ed. My injuries are dizziness, blackout & blurred vision." (*Id.* at 6).

### B.  Legal Standard

Because Plaintiff seeks redress from a governmental entity or officer or employee of a governmental entity, this Court must conduct an initial screen of the Complaint. 28 U.S.C. § 1915A(a). The Court must dismiss the Complaint, or any portion of the Complaint, if it determines that the Complaint or claim is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." In reviewing a complaint, the Court must construe it in the plaintiff's favor, accept all well-pleaded factual

3

allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). On the other hand, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id*. (quoting *Twombly*, 550 U.S. at 555). Although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## III. DISCUSSION

The Ohio Department of Rehabilitation and Correction ("ODRC") is not a proper defendant in this action. ODRC, as a state agency, is absolutely immune from suit in this Court by virtue of the Eleventh Amendment to the United States Constitution. *See Regents of Univ. of Calif. v. Doe*, 519 U.S. 425, 429 (1997) (holding Eleventh Amendment sovereign immunity applies to "state agents and instrumentalities"); *Tackett v. Ohio Dep't of Rehab. & Corr.*, 2011 U.S. Dist. LEXIS 123427, at *7, 2011 WL 5076401 (S.D. Ohio Oct. 25, 2011) ("ODRC is a state agency and therefore enjoys Ohio's sovereign immunity."). Moreover, a state agency is not a "person" subject to suit under 42 U.S.C. § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989). Accordingly, ODRC must be dismissed.

At this stage of proceedings, the Undersigned recommends that Plaintiff be permitted to proceed with his claim against the remaining Defendants.

## IV. CONCLUSION

For the reasons stated, Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. However, having performed an initial screen and for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** ODRC from this action and permit Plaintiff to proceed with his claims against the remaining Defendants.

### Procedure on Objections

If any party objects to this Order and Report and Recommendation, that party may, within fourteen (14) days of the date of this Report file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*. Failure to object to the Report and Recommendation will result in a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: April 9, 2019  /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE