IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LASHAUN REED,**

      **Plaintiff,**

      **v.**

**O.D.R.C., et al.,**

      **Defendants.**

Civil Action 2:19-cv-898

Magistrate Judge Kimberly A. Jolson

**OPINION AND ORDER**

This matter is before the Court on Defendants' Motion to Strike (Doc. 26), Plaintiff's Motion to Compel (Doc. 30), and Defendants' First Motion for Summary Judgment Addressing Exhaustion Only (Doc. 37). For the reasons that follow, Defendants' First Motion for Summary Judgment Addressing Exhaustion Only (Doc. 37) is **GRANTED**. Defendants' Motion to Strike (Doc. 26) and Plaintiff's Motion to Compel (Doc. 30) are **DENIED as moot**.

**I.    BACKGROUND**

This case concerns the alleged use of excessive force against Plaintiff when he was incarcerated at Madison Correctional Institution ("MaCI"). Plaintiff is currently an inmate at the Northeast Ohio Correctional Center. Defendants Rapp and Smith were correctional officers at MaCI, and Defendant Noble was the Warden at MaCI at the time of the alleged incident.

On October 11, 2017, Plaintiff alleges that Defendants Rapp and Smith assaulted him by repeatedly punching him in the face, attempting to slam him to the ground, and macing him. (*See* Doc. 37-2). The following day, Plaintiff filed an Informal Complaint Resolution ("ICR"), complaining about the alleged assault. (*See id.*). Captain DeMartino responded to Plaintiff's ICR on October 14, 2017, explaining that "a use of force [review] was completed on the force utilized

on you. It will be reviewed and you were provided the opportunity to complete a statement pertaining [to] this force." (*Id.*). Plaintiff did not pursue his grievance further. (Doc. 37-4, ¶ 15; Doc. 37-5, ¶ 14).

The following month, on November 6, 2017, Plaintiff filed another ICR that was escalated to a grievance. (Doc. 37-3). In it, he alleged that he was subjected to a nearly identical incident of alleged excessive force on October 22, 2017. (*Id.*). A subsequent investigation by MaCI staff confirmed that Plaintiff was complaining again about the original October 11, 2017 use of force. (*Id.*). MaCI staff denied the grievance accordingly, (*id.*), and Plaintiff did not pursue it any further, (*see* Doc. 37-1 at 1).

Plaintiff filed his Complaint on March 11, 2019, alleging that Defendants subjected him to excessive force. (Doc. 1). Defendants then filed their First Motion for Summary Judgment Addressing Exhaustion Only (Doc. 37), which is fully briefed and ripe for resolution.

## II.     STANDARD OF REVIEW

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the initial "responsibility of informing the district court of the basis for its motion, and identifying those portions" of the record that demonstrate "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248; *see*

*also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (defining "genuine" as more than "some metaphysical doubt as to the material facts"). Consequently, the central issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

### III. DISCUSSION

Defendants argue that they are entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies before filing suit in federal court. (*See generally* Doc. 37). The Court agrees.

"Exhaustion of administrative remedies 'is mandatory under the [Prison Litigation Reform Act ("PLRA")] and . . . unexhausted claims cannot be brought in court.'" *Murray v. Ohio Dep't of Corr.*, No. 1:14-CV-168, 2019 WL 485214, at *13 (S.D. Ohio Feb. 7, 2019) (quoting *Jones v. Bock*, 549 U.S. 199, 211 (2007)). Relevant here, the "'PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.'" *Murray*, 2019 WL 485214, at *13 (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)).

"Failure to exhaust administrative remedies under the PLRA is an affirmative defense that must be proved by the defendant." *Anderson v. Shelby Cty. Gov't*, No. 03-2650-P, 2009 WL 3241676, at *5 (W.D. Tenn. Sept. 30, 2009) (citing *Jones*, 549 U.S. at 212). "Once Defendant[] puts forth evidence of [his] affirmative defense of failure to exhaust administrative remedies, Plaintiff [is] required to present 'significant probative evidence' to defeat the motion for summary judgment." *Pullen v. Combs*, No. 1:17CV255, 2020 WL 1451564, at *1 (S.D. Ohio Mar. 25, 2020) (quoting *Napier v. Laurel Cty., Ky.*, 636 F.3d 218, 225 (6th Cir. 2011)).

The Ohio inmate grievance procedure involves "three consecutive steps": First, "the inmate shall file an informal complaint to the direct supervisor of the staff member, or department most directly responsible for the particular subject matter of the complaint." Ohio Admin. Code § 5120-9-31(J)(1).[1] Second, "[i]f the inmate is dissatisfied with the informal complaint response, or the informal complaint process has been waived, the inmate may file a notification of a grievance with the inspector of institutional services." Ohio Admin. Code § 5120-9-31(J)(2). Third, "[i]f the inmate is dissatisfied with the disposition of grievance, the inmate may file an appeal with the office of the chief inspector." Ohio Admin. Code § 5120-9-31(J)(3). Further, any complaint regarding a warden must be filed directly to the office of the chief inspector within thirty calendar days of the event giving rise to the complaint. Ohio Admin. Code § 5120-9-31(L).[2]

Plaintiff failed to comply with those requirements here. (*See* Doc. 37-4, ¶¶ 8–17 (detailing Plaintiff's failure to comply with the inmate grievance procedure); Doc. 37-5, ¶¶ 6–16 (same)). He offers no argument or evidence to contest this fact. (*See generally* Doc. 40). Instead, he argues that he "had no knowledge" of the steps he was required to take. (*See id.* at 1). But courts have been clear that "'[a] plaintiff's failure to exhaust cannot be excused by his ignorance of the law or the grievance policy.'" *Bridgmon v. Biery*, No. 3:10-CV-02735, 2011 WL 6415530, at *3 (N.D. Ohio Dec. 21, 2011) (quoting *Napier*, 636 F.3d at 221 n.2). This is so because permitting Plaintiff to bypass the PLRA's exhaustion requirement "would defeat" its statutory purpose: "'to promote administrative redress, filter out groundless claims, and foster better prepared litigation of claims aired in court.'" *Bridgmon*, 2011 WL 6415530, at *3 (quoting *Napier*, 636 F.3d at 222).

---

[1] The current version is codified under subsection (J) but was previously codified at subsection (K) at the time of the events in question.

[2] The current version is codified under subsection (L) but was previously codified at subsection (M) at the time of the events in question.

4

In sum, Plaintiff failed to exhaust, and Defendant is entitled to summary judgment as a result.

## IV. CONCLUSION

For the foregoing reasons, Defendants' First Motion for Summary Judgment Addressing Exhaustion Only (Doc. 37) is **GRANTED**. Defendants' Motion to Strike (Doc. 26) and Plaintiff's Motion to Compel (Doc. 30) are **DENIED as moot**.

IT IS SO ORDERED.

Date: July 30, 2020            /s/ Kimberly A. Jolson
                               KIMBERLY A. JOLSON
                               UNITED STATES MAGISTRATE JUDGE